**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEFAN FREETH | CIVIL ACTION NO. 2:14-cv-02274-ER |
| *Plaintiff,* | |
| v. | |
| ZURICH AMERICAN INSURANCE CO. | |
| *Defendant.* | [This Document has been Electronically Filed] |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ZURICH AMERICAN INSURANCE COMPANY

Defendant, Zurich American Insurance Company, by and through its attorneys, hereby Answers Plaintiff's Complaint with Affirmative Defenses as follows:

1.      Admits, upon information and belief, that Stefan Freeth ("Freeth") is an individual and resident citizen of the Commonwealth of Pennsylvania, neither admits nor denies the allegations of the corresponding paragraph concerning Freeth's current address, following reasonable investigation, for lack of knowledge or information sufficient to form a belief as to their truth, and otherwise denies the allegations of the corresponding paragraph.

2.      Admits only that defendant Zurich American Insurance Company ("Zurich") is a corporation duly organized, existing, and incorporated under the laws of the State of New York, with its principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196, and neither admits nor denies the remaining allegations of the corresponding paragraph insofar as the same purport to assert legal conclusions as to which no admission or denial is required.

3.    Admits only that Road-Con, Inc. is the Named Insured under a certain insurance policy issued by Zurich, identified more specifically as Zurich American Insurance Company Policy BAP 8311570-11, effective March 1, 2012 to March 1, 2013 (the "Zurich Policy"), refers to the Zurich Policy, which is a writing, for a fair and accurate summary of the terms, conditions, limitations, and exclusions to the insurance coverages afforded therein, and otherwise denies the allegations of the corresponding paragraph.

4.    Admits the Zurich Policy was in effect March 1, 2012 to March 1, 2013.

5.    Refers to the Zurich Policy's declarations for a fair and accurate summary of the limits of coverage afforded under the Zurich Policy for its various coverage parts, admits the Zurich Policy provides for $35,000 in uninsured motorist benefits, and otherwise denies the allegations of the corresponding paragraph.

6.    Refers to the Zurich Policy, which is a writing, for a fair and accurate summary of the terms, conditions, limitations, definitions, and exclusions to the insurance coverages afforded therein, neither admits nor denies the allegations of the corresponding paragraph insofar as the same purport to state a conclusion of law as to which no admission or denial is required, and otherwise denies the allegations of the corresponding paragraph.

7.    Neither admits nor denies the allegations of the corresponding paragraph insofar as the same purport to state a conclusion of law as to which no admission or denial is required.

8.    Refers to Section 1731 (a) of the Pennsylvania Motor Vehicle Financial Responsibility Law (PA MVRL) for a fair and accurate summary of the same, and denies the allegations of the corresponding paragraph to the extent inconsistent with the referenced statute.

2

9.      Refers to Section 1734 of the PA MVRL for a fair and accurate summary of the same, and denies the allegations of the corresponding paragraph to the extent inconsistent with the referenced statute.

10.     Denies, and avers the Named Insured requested in writing that the Zurich Policy provide $35,000 in uninsured motorist benefits.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Neither admits nor denies the allegations of the corresponding paragraph insofar as the same purport to state a conclusion of law as to which no admission or denial is required, avers the Named Insured requested in writing that the Zurich Policy provide $35,000 in uninsured motorist benefits, and otherwise denies the allegations of the corresponding paragraph.

17.     Neither admits nor denies the allegations of the corresponding paragraph to the extent the same constitute conclusions of law as to which no admission or denial is required, and otherwise denies the allegations of the corresponding paragraph, following reasonable investigation, for lack of knowledge or information sufficient to form a belief as to their truth.

18.     Neither admits nor denies the allegations of the corresponding paragraph to the extent the same constitute conclusions of law as to which no admission or denial is required, and otherwise denies the allegations of the corresponding paragraph, following reasonable

investigation, for lack of knowledge or information sufficient to form a belief as to their truth.

19.    Neither admits nor denies the allegations of the corresponding paragraph to the extent the same constitute conclusions of law as to which no admission or denial is required, and otherwise denies the allegations of the corresponding paragraph, following reasonable investigation, for lack of knowledge or information sufficient to form a belief as to their truth.

20.    Neither admits nor denies the allegations of the corresponding paragraph to the extent the same constitute conclusions of law as to which no admission or denial is required, and otherwise denies the allegations of the corresponding paragraph, following reasonable investigation, for lack of knowledge or information sufficient to form a belief as to their truth.

21.    Neither admits nor denies the allegations of the corresponding paragraph to the extent the same constitute conclusions of law as to which no admission or denial is required, and otherwise denies the allegations of the corresponding paragraph, following reasonable investigation, for lack of knowledge or information sufficient to form a belief as to their truth.

22.    Refers to plaintiff's communications with Zurich for a fair and accurate summary of the same, avers the Zurich Policy affords $35,000 in uninsured motorist benefits, and denies the Zurich Policy affords $1,000,000 in uninsured motorist benefits.

23.    Denied.

24.     Refers to the cited decision for a fair and accurate summary of the same, and denies the Zurich Policy affords $1,000,000 in uninsured motorist benefits.

WHEREFORE, Defendant, Zurich American Insurance Company, respectfully requests that this Honorable Court enter judgment in its favor, deny the relief requested by the plaintiff, and grant it such other and further relief, including an award of counsel fees and costs, as the Court may deem just and proper under the circumstances.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Zurich denies that plaintiff is entitled to any of the relief sought in his Complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's request for declaratory relief fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint otherwise fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Zurich denies each and every allegation of the Complaint not expressly admitted herein.

### FIFTH AFFIRMATIVE DEFENSE

The actions of Zurich have been in compliance with all the duties and obligations under its insuring agreement and applicable law.

### SIXTH AFFIRMATIVE DEFENSE

Uninsured motorists (UM) benefits may not be available under the Zurich Policy, or coverage for such benefits, if any, may otherwise be barred by the express and unambiguous terms

of the UM coverage provisions and the various exclusions, conditions precedent, limitations, definitions and endorsements applicable to the same contained in the Zurich Policy, all of which are incorporated herein by reference and expressly advanced as affirmative defenses to each and every claim or purported claim advanced by the plaintiff against Zurich in this action or any future UM proceeding or arbitration.

SEVENTH AFFIRMATIVE DEFENSE

To the extent UM benefits are available under the Zurich Policy for the alleged motor vehicle accident described in the Complaint, the limits of such Zurich benefits are as declared in the Zurich Policy and as elected by the Named Insured under the Zurich Policy.

EIGHTH AFFIRMATIVE DEFENSE

Zurich raises all applicable exclusions and limitations to UM coverage under the Zurich Policy and applicable law.

NINTH AFFIRMATIVE DEFENSE

To the extent the Zurich Policy provides UM benefits for any loss or damage alleged by the plaintiffs, then any UM benefits so provided may be excess over any other applicable insurance maintained by or available to the plaintiff.

TENTH AFFIRMATIVE DEFENSE

The Named Insured requested in writing that the Zurich Policy provide $35,000 in uninsured motorist benefits.

ELEVENTH AFFIRMATIVE DEFENSE

The alleged tortfeasor described in the Complaint is not an uninsured or underinsured motorist.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff does not qualify as an "insured" under the Zurich Policy for uninsured motorist benefits.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no right to recover UM benefits as a result of the alleged accident described in the Complaint.

## FOURTEENTH  AFFIRMATIVE DEFENSE

To the extent that other insurance exists, such insurance may be obligated to provide UM coverage to plaintiff thereby giving rise to a claim by Zurich over against those other insurer(s), consistent with principles of equitable or legal contribution, subrogation, indemnification and/or allocation.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the Zurich Policy must be diminished, reduced, offset or barred in accordance with the terms of any and all releases executed by the plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

Coverage under the Zurich Policy may be barred, in whole or in part, to the extent that plaintiff failed to mitigate, minimize or avoid any damages, or failed to preserve any rights of recovery against others who may have been responsible for their claims and damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable or declaratory relief may be barred by operation of the doctrines of laches, unclean hands, estoppel, and/or waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff has failed to join necessary and indispensable parties, the relief sought in the Complaint is barred.

## NINETEENTH AFFIRMATIVE DEFENSE

Zurich expressly reserves the right to assert each and every defense available under Fed.R.Civ.P. 12.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant raises as an affirmative defense each and every affirmative defense set forth in Fed.R.Civ.P. 8(c) but only to the extent discovery in this matter or events in the future may implicate the same.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint contains insufficient information to permit Zurich to raise all appropriate defenses and, therefore, Zurich reserves its rights to amend and/or supplement this answer and these defenses and to assert additional defenses.

## **AMENDMENTS**

Zurich reserves the right to amend its answer by adding defenses and/or counterclaims, or by instituting third-party actions as additional facts are obtained through investigation, discovery and choice of law determinations.  Zurich preserves, and does not waive, any of the affirmative defenses set forth in the Federal Rules of Civil Procedure or any other matter constituting an avoidance or affirmative defense, as discovery may reveal to be applicable.

Respectfully submitted,


By____s/Marc J. Syken_____
Louis A. Bové, Esquire
Marc J. Syken, Esquire
Bodell Bove, LLC
1529 Walnut Street, 6th Floor
Philadelphia, PA 19102
Tel: (215) 864-6600
Fax: (215) 864-6610
lbove@bodellbove.com
msyken@bodellbove.com
*Attorney for Defendant,*
*Zurich American Insurance Company*


Dated:   April 24, 2014

9